Case number 25-1088 and case number 25-1089 from the District of Nebraska, United States v. Patrick Newcomer. Good morning. May it please the court and counsel, Jeffrey Thomas representing the Ellen and Patrick Newcomer. An issue in this case is that part of the district court's supervised revocation sentence imposing consecutive terms of supervised release. What had happened was that Mr. Newcomer had originally been convicted in federal court on two separate cases, verbally of a post office, theft of mail, and felon in possession of a firearm. He was sentenced on both of those cases, served his time, came back out on concurrent terms of supervised release on those two underlying convictions. And then was arrested out in Saunders County, Nebraska while he was still on those terms of supervised release on a fresh state court case of burglary and possession of firearms. So the case first, we sat back here in federal court, not sat back but appropriately, let the case get disposed of in state court after Mr. Newcomer was sentenced to 8 to 20 years in the Nebraska State Prison sentence. We then came back before the federal court for a disposition on the two supervised release violations. Let me just jump to the legal issue, which is, so we have consecutive supervised release terms of 12 months each. And you all rely on the statute, but I'll just tell you what my problem is with the argument. I'll just lay it out there, which is I'm not sure the violation of supervised release is, quote, for another offense. In other words, conditions of supervised release happen to overlap with another offense here, the burglary, but it could be not calling a parole officer. It could be drinking alcohol, all things that are not illegal that are not offenses. And so there's a line of Supreme Court cases that says the use of the word offense in Title 18 is for a crime. And I don't know what the crime is for violating the conditions of supervised release. Well, if I recall our proceedings below, Your Honor, the specific condition of supervised release that Mr. Newcomer was disposed of on, he had a number of different conditions that he violated, but the specific one that he admitted to violating and the other ones were dismissed and became the basis on which the violation case was predicated was the law violation. He committed another violation of law by violating Nebraska state law in the underlying Saunders County case. I agree with that, but he wasn't convicted in federal court of an offense, and there are situations where that would not happen. And my problem with it is when we refer to it, we refer to it exactly as you did, a new law violation. The violation is for failing to comply with the law. He was not being sentenced. He was not being sentenced for the burglary. He was being sentenced for the refusal to follow the conditions of release. And so he's not really getting a consecutive supervised release for the offenses, which is what the language requires. My best answer to your question, Your Honor, is this. The only federal statute that addresses whether supervised release terms for revocation can be made consecutive is the section that we cite in our briefing, section 3624E, which is very specific. It says supervised release commences upon release from imprisonment and runs concurrently with, and it's a very broadly worded statute, any other term, state parole, supervision, probation, since it is the only statute. Well, counsel, you said it the second time. I was going to let you finish earlier, but now I'm not. Boy, you're aware of Booker Gall, that judges can completely disregard the guidelines cases. And there's a statute that says, quote, the decision to impose a consecutive or concurrent sentence upon revocation of supervised release is committed to the sound discretion of the district court. Don't you think that's exactly how the United States Supreme Court handled this case? I think that we've got, in terms of this court's precedent, we've never, that I'm aware of, that this court's never had a revocation sentence with consecutive terms of supervised release imposed. What this court has had in the Gullickson case and the Reford case is supervised release that was made consecutive in an original proceeding. And in those two cases, in Gullickson and in Reford, the ruling of this court has been, no, section 3624E says you can't do that. And so the whole crux of our appeal here is that where you've got the only statute that addresses the issue 3624E, the only way to read that is to read it as equally applicable to supervised release terms that are imposed as part of an original proceeding. And you can't make those consecutive by the plain terms of 3624E. And since 3624E is the only statute out there, it can only be read… I didn't come across this. It's cited in our cases. Why isn't that of equal value in what we interpret what the court can do? Your Honor, my best answer would be if our appeal was challenging the sentences of imprisonment, 3584, our position is specific to consecutive or concurrent sentences of imprisonment, not consecutive or concurrent sentences of supervised release. And counsel, is it theft to the distinction between Cotroneo and Reford and Gullickson? Yes. Yes, Judge, I think it is. Cotroneo dealt with the specific issue of consecutive sentences of imprisonment on a supervised release violation. And in that case, I think correctly, this court held that the statute applicable to sentences of imprisonment, 3584, gives the district judge complete discretion whether to run those sentences of imprisonment together or separately. But in this case, where we've got a different statute, where we've got 3624E, where we've got the prior decisions of this court in Gullickson and Reford holding the district court to the express terms of 3624E that say supervised release starts on release from imprisonment and it has to run concurrently. So that is the gist of our appeal. Counsel, I'm going to just follow up on Cotroneo, because Cotroneo does say that with regard to sentences. But then it goes on, it might be dicta, but it goes on to say it's completely different for supervised release. Completely different. Supervised release only counts for the original imposition of supervised release, not the later. Yes, Judge, I think that it just got confusing trying to apply Cotroneo to our case, because in Cotroneo, there was no supervised release imposed. So the issue of whether a supervised release term could be concurrent or consecutive, this wasn't before the court. The only issue was concurrent or consecutive prison time, which that decision, I think, correctly decided, based on 3584, that the judge had discretion on that issue. That's our argument. Thank you, Counsel. Mr. Jacobs. Good morning, Your Honors. May it please the Court, Counsel. I want to start with the text of 3624E. I respectfully disagree with Abel opposing Counsel as to the application of 3624E. The government's position is that Congress did not, in 3624E, require that two terms of supervised release imposed in the circumstances here, imposed simultaneously in a post-revocation proceeding and imposed to run consecutively, did not require that those must instead run concurrently. Congress did direct, in 3624, how supervised release was to be administered. First, it starts, of course, when the defendant is released from imprisonment, but it runs concurrently in two specific situations that I think are outlined and specified by the text. First, it runs concurrently with supervised release for another offense to which the defendant is subject, is, obviously, present tense, referring to that moment. So, for example, when the defendant is released from imprisonment, it would have to run concurrently if there's another supervised release term that is in effect at that time. Second, that a term must run concurrently with supervised release to which, quote, the defendant becomes subject during the term of supervised release. So that's future, but it still has to be during a term of supervised release. So we're, as in the case we have on this appeal, the defendant is sentenced simultaneously to two consecutive terms of supervised release. Initially, they're subject to only the first one, the is, because at that moment— Can I beg the question completely? Yes, sir. I mean, you—I saw that argument, and I sort of brushed away because I thought that sort of begged the question because one goes first, the other, but they could both be imposed at the same time. So I thought that doesn't make a lot of sense. But you glossed over for another offense, so I actually picked up the argument from your briefing when you quoted that exact language. And so I guess I'll ask the question I asked the proposing counsel, even though you didn't directly make the argument. Is revocation—is imposition of supervised release in a revocation proceeding the imposition for another offense, or does it involve another offense? Judge, I think the reference to offense in the statute—and now I'm glossing back over or referring back over to the section 3583 and specifically subsection H having to do with violation of supervised release. The offense it's referring to there is the original offense of conviction. So I think when there's been a violation of the terms of supervised release arising out of that original offense, then that violation of supervised release is the triggering event under 3624E. That's my thought process, Judge. So you think it is? So you think that it ties back to the initial offense? Well, I guess when I say ties back, what I'm referring to under 3624E is when does the first one start and when does the next one start? And if they overlap— So you're still stuck with the argument I think begs the question then. I understand. Yeah. I understand. What I'm really getting at, I don't understand. Okay, so suppose—I mean, maybe I'm just misreading it. You can tell me if I am. But suppose that you fail to call your probation officer or you drink alcohol. That does not result in an offense. That's not an offense. That's the reason why they revoke. Correct. So is that still, on that phrase, the data versus relief for imprisonment runs concurrently, dot, dot, dot, for another offense. It seems like you're not adding two offenses together. You're adding two non-offenses together. I see. Judge, here's the way I think I would interpret that for Hood or Hill in response to your question. When it refers to supervised release or parole, that for another offense is referring to the other offense which gave rise to the supervised release or parole. So it's a modifier of the term supervised release. It's describing where it came from. It's not the one for which they're subject at that moment. It's a different one. And then we have to decide under 3624E, going back to that argument, parsing out, well, when does each of them come into effect? And if it fits the terms of the statute, then they run concurrently. If it doesn't fit the terms of the statute, Congress did not require that they run concurrently. Counsel, I wanted to follow up on an issue that Judge Strass raised, and that's whether the language in Cochraneo about 3624E not applying to revocation sentence, was that dicta? Was that necessary to the whole end of the case, or was it dicta? Judge, I don't think it is dicta. But on the other hand, I don't want to lean too heavily on it because, as counsel pointed out, that was decided in the context of deciding consecutive terms of imprisonment versus consecutive terms of supervised release, which we have at issue here. But I think nonetheless, in Cochraneo, the court had to address 3624E, its applicability. And it did, as part of its whole degrading statement, that it simply doesn't apply in the post-revocation context. So I think it's instructive, but I don't know that it's definitive in our circumstances because we've got a different question. Do you agree that Cochraneo was in the context of imprisonment and Reffert and Gullickson were not? Correct. Yeah. And Reffert directly followed Gullickson, I think as it had to, because that was final precedent, on the issue before the panel at that time, which is not the same issue that we have here. So in Gullickson, the court held, of course, that they must run concurrently when imposed in a single case at an original sentencing. I'm not asking you to overrule Gullickson. Obviously you can't. But I think it's distinguishable, based on it being an original sentencing versus post-revocation, two offenses arising out of a single case versus the circumstance we have here. And I've already mentioned, I think, concerning Cochraneo and how it indicates that 3624E doesn't apply in this post-revocation context. The other topic that I would like to address with my remaining time is something raised in defendant's reply brief, and that is the source of authority for the court to impose terms of supervised release concurrently or consecutively following revocation. I think there's two statutory bases, and I think there are two others by implication. The first statutory basis is 18 U.S.C. section 3583H, and that's the subsection that was enacted post-Gullickson, and it provided for the first time that a district court may impose further terms of supervised release after revocation. It limited that new term to no greater than the, quote, term of supervised release for the offense that resulted in the original term of supervised release. In other words, it's offense-specific. So if it was a Class C felony, up to 36 months. So necessarily, when a defendant, excuse me, a court is facing the circumstance here with two terms of supervised release, that congressional authorization as to revocation, when it's in two cases, necessarily authorizes the district court to impose two terms of supervised release, each of them specific to the original offense that resulted in the term of supervised release. And it also necessarily includes the option to run them consecutively or concurrently. The reason I say that is that when Congress authorized district courts to impose two offenses, then the district court's got to decide. Do they run at the same time? Do they partially overlap? Are they consecutive? And if we graft on an automatic rule that they have to run concurrently in all cases, then what we've done is negated that congressional delegation of authority to the district court, because it effectively makes the second term of supervised release, revocation, resulting in further supervised release, makes it a nullity if it has to run at the same time. The other source of the authorization is based on the same textual analysis. For the sake of time, I'm not going to go through it other than to refer you to Section 3583B, which is similar in terms of its delegation of authority to district courts to impose terms of supervised release up to the maximum. That's the only limitation that Congress imposed. The other two bases for that authority, both of them are implicit. One is the text of 3624E, and that is, if my analysis is correct, that does not require that they run concurrently in all situations. Well, then by implication, they may run consecutively in certain scenarios. And the other implication is based on 3583H. That is, the only limitation that Congress explicitly, for the first time, gave district court's discretion to impose further supervised release post-revocation, the only limitation it imposed was duration. So the implication being that evidence is intent not to further restrict the court's discretion. Thank you for the argument, Mr. Hamilton. How much time does Ms. McKee have left? One minute, one second. Please proceed. Yes, Your Honor. To try to just address some of the questions that have been raised about the Controneo case, I think the key part of that opinion—again, I think what's important to note is that Controneo dealt with only the issue of consecutive terms of imprisonment under a different statute, not the issue that we have here, consecutive terms of supervised release. And I think the key part of the opinion is in Headnote 2, where our court here says, because Section 3584A, the terms of imprisonment statute, is not limited in terms to the imposition of sentence at the conclusion of trial, as distinguished from revocation, we conclude that the district court retains discretion. Well, that's for sentences of imprisonment under 3584. That's the whole thing, but it does kind of go claw-into-a-pine about this situation, right? It sort of does, Judge, but I think that it's a bit agonistic to get money for the water just because what is at issue here was not at issue in Controneo. Thank you, both counsel, for the argument. Cases 25-1088 and 25-29 are submitted for decision to the court. Ms. McKee.